**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Tate White, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING COMPLAINT** |
| | ) | **FOR FAILURE TO STATE A** |
| vs. | ) | **COGNIZABLE § 1983 CLAIM** |
| | ) | |
| City of Bismarck Police Officer Damien | ) | |
| Girodat, in his individual capacity, | ) | Case No. 1:15-cv-077 |
| | ) | |
| Defendant. | ) | |

The plaintiff, Tate White ("White"), is an inmate at the James River Correctional Center in Jamestown, North Dakota. He initiated the above entitled action *pro se* on June 15, 2015, with the submission of a complaint and payment of the civil filing fee. (Docket No. 1). On June 22, 2015, he filed notice of his consent to the undersigned's exercise of jurisdiction over this matter. (Docket No. 3). This matter is now before the undersigned for an initial review as mandated by 28 U.S.C. §1915A.

I.  **BACKGROUND**

White claims that identification procedures used by defendant violated his due process rights. Specifically, he alleges:

> On June 28, 2014, City of Bismarck Police Officer Damien Girodat knowingly used a single person lineup identification which violated Petitioner's Fourth Amendment Rights. It would have been clear by any reasonable Bismarck Police Officer that a single person lineup would violate Plaintiff's clearly-established Federal Rights. Plaintiff's liberty, freedom, parole, prison housing, ect. [sic] were restricted by Defendant's actions and such caused Plaintiff anxiety, concern and consideration(s).

(Docket No. 1). Notably, he does not provide any indication as to what investigation and/or case

1

this lineup was held in conjunction with and whether the lineup was used against him at trial.[1]

## II. STANDARDS GOVERNING INITIAL REVIEW

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In enacting the PLRA, Congress did not impose a heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 does not impose any such requirement. Jones, 549 U.S. at 203-04. Consequently, to state a cognizable claim, the complaint need only meet the minimal requirements of Fed. R. Civ. P. 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). In addition, when a prisoner is proceeding *pro se*, the court must construe the complaint liberally and hold it to a less stringent standard than would be required of an attorney. Id. at 94.

To meet the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, more is required than simply expressing a desire for relief and declaring an entitlement to it. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007). "[A] complaint must contain sufficient factual

---

[1] According to records publicly accessible on the North Dakota Supreme Court's website, White was criminally charged in the Spring of 2014 in two separate State cases. In the first case, he entered guilty pleas to the offenses charged and on September 3, 2014, was sentenced to 1 year imprisonment with credit for time served. The second case appears to have been dismissed prior to trial.

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic</u>, 550 U.S. at 570). A complaint fails to meet this minimal pleading standard if it contains nothing more than "labels and conclusions, " "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> at 678 (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555, 557).

To state a cognizable claim for violation of federal civil rights under 42 U.S.C. § 1983, the plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Walker v. Reed</u>, 104 F.3d 156, 157 (8th Cir. 1997). The pleading must also allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. <u>Ashcroft</u>, 556 U.S. at 676-77; <u>Gordon v. Hansen</u>, 168 F.3d 1109, 1113 (8th Cir. 1999).

## III. DISCUSSION

In <u>Hensley v. Carey</u>, 818 F.2d 646, 649 (7th Cir. 1987), the Seventh Circuit affirmed a district court's dismissal of a § 1983 action based upon an allegedly suggestive police lineup where the charges against Henley had been dropped by police prior to trial. Henley argued that an improperly suggestive lineup, by itself, formed the basis of a Constitutional violation remediable under § 1983. The Court disagreed, reasoning:

> The rule against admission of evidence from unnecessarily suggestive lineups is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983.

3

Hensley, 818 F.2d at 649. It further reasoned:

> The mere failure of a 'show-up' to pass constitutional requirements, without a showing of resulting prejudice, does not establish a constitutional deprivation. The constitutional guarantee against a pretrial confrontation 'that is unnecessarily suggestive and conducive to irreparable mistaken identification' does not exist in vacuo but is meaningful only by reference to the right of an accused to a fair trial, of which it is a corollary. No violation of the due process clause occurs unless an improper identification has some prejudicial impact on an accused's defense.

Id. (quoting Cerbone v. County of Westchester, 508 F. Supp. 780, 786 (S.D.N.Y.1981)). It concluded:

> Hensley has no claim under § 1983 arising out of his participation in an unduly suggestive lineup since he was not deprived of his right to a fair trial. He could not possibly have been deprived of his right to a fair trial since he was never tried.

Id.

Other courts, including the Eighth Circuit, have followed suit with the Seventh Circuit's reasoning in Hensley and held that, absent a showing of prejudice at trial, challenges to lineups or show ups are not actionable under § 1983. See e.g., Pace v. City of Des Moines, 201 F.3d 1050, 1055 (8th Cir. 2000) ("In the context of unduly suggestive lineups, only a violation of the core right—the right to a fair trial—is actionable under § 1983."); Alexander v. City of South Bend, 320 F. Supp.2d 761, 772 (N.D. Ill. 2004) ("Because Counts I and IV do no more than challenge prophylactic investigatory procedures, this Court holds that Plaintiff's claims are not cognizable under Section 1983."); Williams v. Reynolds, No. 3:04–CV–1045, 2004 WL 1585881, at *2 (N.D. Tex. July 13, 2004) ("The complaint in this case merely alleges that a witness identified Plaintiff in a one-person show up at the scene of the crime. He alleges no possibility of prejudice at his upcoming trial, such as that a witness who was at the show up will or may identify Plaintiff in court. Therefore, the complaint fails to raise a civil rights violation."); Brodnicki v. City of Omaha, Neb.,

874 F. Supp. 1006, 1011 (D. Neb. 1995) ("No violation of the due process clause occurs unless an improper identification has some prejudicial effect on the plaintiff's Constitutional guarantees to a fair trial and the procedural rules prohibiting the introduction of evidence derived from unduly suggestive lineups. In the instant case, plaintiff has no § 1983 claim arising out of the showup for the reason that since he was not tried, he could not have been denied the right to a fair trial.").

Here, White is taking issue with a one-person lineup. However, he does not allege that he was prejudiced at trial on account of this lineup. Applying the reasoning in Hensley and its progeny to the instant case, it is clear that White has failed to assert a cognizable § 1983 claim.

## IV. CONCLUSION

Pursuant 28 U.S.C. § 1915A, the court **DISMISSES** White's complaint (Docket No. 1) for failure to state a claim for which relief may be granted.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court